UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARIES SHAZOR, | ) | CASE NO. 1:11CV913 |
| PETITIONER, | ) | |
| | ) | JUDGE SARA LIOI |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| STATE OF OHIO, | ) | |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

Before the Court is the report and recommendation (R&R) of the Magistrate Judge in the above-entitled action. Under the relevant statute:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [. . .]

28 U.S.C. § 636(b)(1)(C).[1] The failure to file written objections to a Magistrate Judge's R&R constitutes a waiver of a de novo determination by the district court of an issue covered in the report. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The R&R was filed on November 5, 2012. As of the date of this order, neither any objections nor a motion for extension has been filed.

---

[1] Since service of the R&R was accomplished by mail, an additional three days are allowed for filing any objections. Fed. R. Civ. P. 6(d).

The Court has reviewed the Magistrate Judge's R&R and accepts the same. Specifically, petitioner argues that his defense to his felon in possession charge, which was not raised by his counsel, would have been a successful motion to suppress on the grounds that the gun was improperly seized by Cuyahoga Metropolitan Housing Authority (CMHA) police on property not under CMHA jurisdiction, in violation of Ohio Rev. Code § 2935.03. The Court concludes that petitioner's claim of ineffective assistance of counsel lacks merit in the context of this case[2] because, as the R&R notes, courts are uniform in rejecting petitioner's argument that this violation of a state statute rises to the level of a constitutional violation. *See State v. Fannin*, No. 79991, 2002 WL 31618484, at * 2 (Ohio Ct. App. Nov. 21, 2002) ("Even if we were to accept the defendant's argument that his arrest occurred in the city of Cleveland, not on CMHA property, it would not form the basis for any relief. The exclusionary rule is only used to remedy violations of constitutional rights and not violations of state statutes.") (internal citations and quotation marks omitted); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984) (federal court may not issue a writ "on the basis of a perceived error of state law."); *Olsen v. McFaul*, 843 F.2d 918, 933 (6th Cir. 1988) ("For excellent reasons, claims that a state erred in interpreting or applying its own criminal law or procedural rules are almost always rejected as grounds for granting the writ of habeas corpus.").

Accordingly, the R&R is accepted. The petition for writ of habeas corpus is **DISMISSED**. Further, the Court certifies that an appeal from this decision could not be taken in

---

[2] Petitioner pled guilty to single counts of drug trafficking and possession of a firearm while under a disability and was sentenced to six years in prison. In the instant petition, he raises a single ground for relief, namely, that his trial counsel had a conflict of interest, resulting in ineffective assistance of counsel. As noted by the R&R, this same ground was partially adjudicated on the merits in State court. However, the ground as specifically argued here asserts that counsel was ineffective because of failure to prepare a defense to the gun charge, resulting in an involuntary plea entered without petitioner's knowledge of the availability of this defense. The R&R concludes that these particular aspects of the claim were fairly presented to the State court, but were not adjudicated, permitting this Court to conduct a de novo review.

good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

    **IT IS SO ORDERED**.

Dated: December 17, 2012

    **HONORABLE SARA LIOI**
    **UNITED STATES DISTRICT JUDGE**