UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARIES SHAZOR, | ) | CASE NO. 1:11CV913 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| STATE OF OHIO,[1] | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge William H. Baughman, Jr., recommending denial of this petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. No. 10.) Pro se petitioner Aries Shazor ("petitioner" or "Shazor") filed objections. (Doc. No. 16.) Respondent filed neither its own objections nor any response to petitioner's objections. Pursuant to Fed. R. Civ. P. 72(b)(3), the Court has conducted its de novo review of the matters raised in the objections. For the reasons discussed below, the objections are overruled, the R&R is accepted, and the petition for writ of habeas corpus is denied and dismissed.

**I. BACKGROUND**

In March 2008, the Cuyahoga County Grand Jury indicted Shazor on one count of drug trafficking (with a schoolyard specification, a juvenile specification, and

---

[1] In a supplemental filing,  respondent reported that petitioner is currently incarcerated at the London Correctional Institution. Thus, as respondent further observes, Deborah Timmerman-Cooper, as Warden of that institution, is the proper party respondent. (Doc. No. 18, n.1.)

forfeiture specifications), one count of possession of drugs (with forfeiture specifications), and one count of possessing criminal tools (with forfeiture specifications). (Doc. No. 8-2.) At his arraignment on April 22, 2008, he entered a plea of not guilty (Doc. No. 8-3) and subsequently filed a motion to suppress evidence. (Doc. No. 8-4.) In October 2008, the Grand Jury again indicted Shazor on one count each of having a weapon while under a disability, drug trafficking, and possessing criminal tools, each with forfeiture specifications. (Doc. No. 8-5.) On October 16, 2008, pursuant to a plea agreement, Shazor retracted his previous not guilty plea and pleaded guilty to drug trafficking, with juvenile, schoolyard, and forfeiture specifications. He also entered a guilty plea to having a weapon while under a disability, with a forfeiture specification. He was sentenced to prison terms of three years for each count, to be served consecutively. (Doc. Nos. 8-6, 8-7.)

On April 13, 2009, Shazor filed a pro se petition for post-conviction relief (Doc. No. 8-8), wherein he argued that his guilty pleas were not knowingly, intelligently or voluntarily made due to the ineffective assistance of his counsel, and that his counsel had represented him under a conflict of interest. The State moved for summary judgment and submitted proposed findings of fact. (Doc. No. 8-9.) On June 12, 2009, the trial court adopted the State's findings of fact[2] and denied Shazor's petition,[3] concluding that his claims for relief were belied by the record of the hearing in open court and that he failed to show any prejudice resulting from counsel's purported conflict of interest. (Doc. No.

---

[2] The "findings of fact" submitted by the State are, in fact, more in the nature of conclusions of law and supply no guidance to this Court as to the underlying facts. (*See* Doc. No. 8-10.) Fortunately, as already noted, the facts are not particularly important for resolution of the legal issues in the petition.

[3] The trial court's journal entry states that it adopted the findings of fact; however, it failed to actually sign and docket the findings, an omission that was remedied after the court of appeals directed the trial court to supplement the record on appeal by making a formal filing. (*See* Doc. Nos. 8-20, 8-21.)

8-12.)[4] On July 13, 2009, Shazor appealed (Doc. No. 8-14) and, on June 10, 2010, the

Eighth District Court of Appeals affirmed (Doc. No. 8-26).[5] Shazor unsuccessfully

sought review by the Ohio Supreme Court. (Doc. No. 8-29.)

On February 3, 2011, Shazor filed a motion for judicial release under Ohio

Rev. Code § 2929.20, and requested a hearing. (Doc. No. 8-40.) On March 21, 2011, this

request was denied, since defendant was "ineligible due to serving time on a weapons

offense." (Doc. Nos. 8-43, 8-44.)

## II. THE HABEAS PETITION AND THE R&R

Shazor filed his pro se petition for writ of habeas corpus on May 9, 2011,

raising one ground for relief:

> **Ground One:** Attorney conflict of interest resulting in effective assistance
> of counsel.
>
> **Supporting Facts:** I retained Attorney Carolyn K. Ranke as defense
> counsel. Subsequently, my two co-defendants hired Attorney Ranke.
> During counsel's simultaneous representation, counsel advised my co-
> defendant's [sic] to cooperate with the prosecution against me.
> Subsequently, counsel failed to pursue [a] viable defense to [the] firearm
> charge and failed to provide a reasonable investigation of the facts and law
> applicable to the firearm case; consequently, counsel advised me to plead
> guilty to the firearm charge even though [the] firearm had been seized
> illegally. I found out about conflictive [sic] advice given to co-defendants
> only after I had pleaded guilty and was sentenced; still, counsel's
> disloyalty denied me [a] viable defense to [the] firearm [charge].

---

[4] On June 19, 2009, Shazor filed a motion for relief from judgment (Doc. No. 8-30), which was denied on
August 9, 2009 (Doc. No. 8-34), about one month after Shazor had filed his notice of appeal from the
denial of his petition. He also unsuccessfully appealed the denial of his motion for relief from judgment.
(Doc. Nos. 8-35, 8-39.)

[5] Somewhat atypically, the opinion resolving Shazor's first appeal contains no review of the underlying
facts, presumably because they were, in large part, not necessary for the legal determinations made. The
record does contain a transcript of Shazor's October 16, 2008 plea hearing, wherein, pursuant to acceptance
of the plea, the parties placed the facts on the record. (*See* Doc. No. 8-50 at 1072-83.)

(Doc. No. 1 at 4.) Respondent filed a return of writ on September 7, 2011[6] (Doc. No. 8), and Shazor filed a traverse on September 15, 2011 (Doc. No. 9).

On November 5, 2012, the Magistrate Judge issued the R&R (Doc. No. 10), noting that Shazor's single ground for relief arising out of alleged ineffective assistance of counsel actually encompasses several arguments:

1. An improper conflict of interest existed because defense counsel Ranke undertook to represent both Shazor and the Hallorans.

2. This dual representation was a conflict of interest because attorney Ranke advised the Hallorans to cooperate with the prosecution in its case against Shazor.

3. This conflict caused attorney Ranke to neglect preparation of a defense to Shazor's felon in possession charge; specifically, that the gun forming the basis for that charge was discovered in an illegal search. In turn, this neglect caused Shazor to enter an [sic] plea of guilty without knowing of a viable defense to the felon in possession charge.

4. That viable defense is that the search warrant was executed by CMHA [Cuyahoga Metropolitan Housing Authority] police on property not under CMHA jurisdiction.

(Doc. No. 10 at 1112.)

To the extent these arguments assert that Shazor made an unknowing plea due to his counsel's conflicted representation, the R&R seems to adopt, without any discussion, the state court's findings and conclusion. (*See id.* at 1112: "[T]he state appeals court clearly dealt with the first assertion (the existence of a conflict of interest)

---

[6] The return was originally filed on August 31, 2011 (Doc. No. 7), but had to be re-filed due to clerical errors.

and, based on its finding that there was no conflict, the state court concluded that there was no basis for finding that an illusory conflict produced an unknowing plea.")[7]

To the extent the arguments assert that counsel was ineffective for failing to prepare a defense to the gun charge, and that Shazor's plea was entered without knowledge of an allegedly meritorious defense, the R&R found that the state court had not addressed those issues, although they had been presented. Therefore, the R&R applies a de novo standard as to those issues, rather than AEDPA's deferential standard, and recommends that this Court do the same. (*Id*. at 1112-13.)[8] The R&R rejects Shazor's argument that because the search that discovered the gun was improperly conducted by CMHA police on property not under CMHA jurisdiction, had counsel pursued that defense, the gun would have been suppressed. The R&R notes that "Ohio courts are uniform . . . in rejecting this argument." (*Id*. at 1113-14, quoting *State v. Fannin*, No. 79991, 2002 WL 31618484, at *2 (Ohio Ct. App. Nov. 21, 2002) (even if the arrest occurred in Cleveland, not on CMHA property, "[t]he exclusionary rule is only used to remedy violations of constitutional rights and not violations of state statutes").) The R&R concludes that, even if the search that recovered the gun was performed outside the

---

[7] Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), state court fact findings are "presumed to be correct[ ]" unless the petitioner rebuts them "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Apparently, the R&R applies this presumption to the fact findings of the state court.

[8] In a supplement to the return of writ, filed on February 25, 2013 (Doc. No. 18), the State of Ohio points to *Johnson v. Williams*, 133 S.Ct. 1088 (2013), decided on February 20, 2013, for the proposition that, when a state court rules against a defendant in an opinion that rejects some of defendant's claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. In reaching that conclusion, the Supreme Court relied upon *Harrington v. Richter*, 131 S.Ct. 770 (2011), where it held that, when a state court summarily rejects without discussion *all* of a defendant's claims, including federal claims, a habeas court must presume that the federal claim was adjudicated on the merits. The Court held in *Richter* that § 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" 131 S.Ct. at 785.

officer's jurisdiction, "that fact would not have resulted in an Ohio court granting a motion to suppress the fruit of that search." (*Id.* at 1114.) The R&R, therefore, concludes that it is not ineffective assistance of counsel to fail to raise a defense that is not viable. (*Id.* at 1114-15.)

### III. DISCUSSION

#### A.    Standard of Review

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). *See also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); LR 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further

evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In conducting its de novo review in a habeas context, this Court must be mindful of AEDPA, which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

In addition, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant [for a writ of habeas corpus] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B.      De Novo Review of Objection**

Shazor's objection to the R&R relates to its failure to "consider the totality" of his Fourth Amendment claim, specifically, its failure to address his argument that counsel's conflicted representation deprived him of a viable defense to the gun charge. He further argues, once again, that his trial counsel's dual representation (until on or about June 3, 2008) of both him and his co-defendants, and her advice to his co-defendants to cooperate with the prosecution against him, "essentially left him with no counsel at all[.]" (Doc. No. 16 at 1128.)

It is understandable that the R&R does not address Shazor's claim of conflict caused by alleged advice to Shazor's co-defendants to cooperate with the prosecution in its case against him because Shazor simply does not raise that argument in any pure form.[9] To the extent Shazor does raise the argument, he cannot show any prejudice resulting from his attorney's advice to his co-defendants. Shazor asserted in the state court (as he does here) that he did not learn of counsel's alleged advice to his co-defendants until well after he entered his plea. (*See* Shazor Decl. ¶ 17, Doc. No. 1-1 at

---

[9] "Actual conflicts of interest may arise from counsel's representation of different parties with competing interests[.]" *Peters v. Chandler*, 292 F. App'x 453, 466 (6th Cir. 2008) (citing *Wood v. Georgia*, 450 U.S. 261, 273 (1981); *Holloway v. Arkansas*, 435 U.S. 475, 485-90 (1978); *Glasser v. United States*, 315 U.S. 60, 72-75 (1942)).

30.) In addition, in this Court, he declares, not that he would not have pleaded guilty had he known his counsel had advised his co-defendants to cooperate with the prosecution against him, but only that he "would have dismissed her from representing [him], and . . . would have filed a complaint against her with the Bar Association[.]" (*Id.* ¶ 18.)

Although he complains about his counsel's alleged breach of duty to him, this argument is (and was in the state court) inextricably tied to his non-meritorious argument that it was ineffective for counsel to fail to raise a challenge to the search that netted the gun underlying his conviction for having a weapon while under a disability. As to that argument, Shazor claims that "the effect of counsel's disloyalty . . . is seen in counsel's advice . . . to plead guilty in the firearm case despite the fact that Shazor had a viable Fourth Amendment defense that counsel never discussed with Shazor nor otherwise pursued on Shazor's behalf." (Doc. No. 1 at 18.) He argues that the state court of appeals, in concluding that counsel had no conflict of interest, had "failed to discern that counsel's alleged disloyalty could have prevented counsel from pursuing a viable Fourth Amendment defense against the firearm charge[.]" (*Id.* at 19.)

The R&R correctly points out that a trial attorney has no duty to raise or pursue a non-meritorious defense, and failure to do so does not constitute ineffective assistance. (Doc. No. 10 at 1114.) In his objections, petitioner goes on at some length that he had a viable Fourth Amendment defense since he *now* claims the CMHA police seeking the search warrant "deliberately concealed from the judicial officer the fact that [his] home lay outside of the CMHA's territorial jurisdiction." (Doc. No. 16 at 1130, emphasis removed.) However, even if this assertion is accepted as true, that does not turn

9

the violation of a state law into a federal constitutional claim.[10] Moreover, and importantly, petitioner never raised this argument before a state court.[11] Although he did challenge the CMHA officers' jurisdiction to obtain and execute a search warrant for a non-CMHA residence, he never asserted in state court that the officers had deliberately concealed information from the judicial officer issuing the search warrant. He admits as much here, where he argues in his objections that he "as a pro se litigant, *implicitly raised* the claim that a fraudulent concealment had been knowingly and deliberately perpetrated by the affiant . . . ." (*Id*., emphasis added.) Since this issue was never raised before a state court, it is procedurally defaulted absent a showing of cause and prejudice. The cause and prejudice test is not met by the mere assertion that a person was proceeding pro se.

There is simply nothing in the record to suggest that there was any prejudice to Shazor resulting from an alleged conflict of interest, even if one could be found to exist. Accordingly, this objection to the R&R is overruled.

## IV. CONCLUSION

For the reasons discussed above, petitioner's objections to the R&R are overruled. The petition for writ of habeas corpus is denied, and the case is dismissed. Further, the Court certifies that an appeal from this decision could not be taken in good

---

[10] As the R&R ably notes, Ohio courts have uniformly held that when a housing authority officer obtains and executes a search warrant outside of that officer's jurisdiction, "it does not rise to the level of a constitutional violation, thus precluding the suppression of evidence for that reason." (Doc. No. 10 at 1114 (quoting *State v. Fannin*, 2002-Ohio-6312, 2002 WL 31618484, at ¶ 9 (Ohio Ct. App. Nov. 21, 2002)).)

[11] Even had petitioner raised this argument in state court, it is somewhat baffling and appears to lack merit. The affidavit that provided probable cause for the issuance of the search warrant identified the affiant as a CMHA police officer and listed the address of the petitioner's residence--the location to be searched. Presumably, the issuing state court judge is familiar with the territorial boundaries of the law enforcement agencies working within the court's jurisdiction.

faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: January 30, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**